894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leona SCHULTZ, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1462.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Leona Schultz appeals the decision of the district court, affirming the denial of her social security disability benefits. Schultz contends that the district court improperly refused to consider medical texts that she offered to show that the examining physician's report mandated that she be found disabled. Although Schultz claimed disability below on several grounds, she has limited her appeal to her claim that she has been disabled because of obesity since August 1985.
 
 
 2
 In order to establish a disability due to obesity, social security regulations require Schultz to show that her weight meets the requirement for her height and that she suffers from one of five additional specific ailments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 10.10 (1989). Schultz claims that her obesity is accompanied by the additional ailment of arthritis in her knee. Id., Sec. 10.10(A). Section 10.10(A) requires:
 
 
 3
 History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with x-ray evidence of arthritis in a weight bearing join or spine....
 
 
 4
 The parties agree that Schultz has met the weight requirements of Listing 10.10. Schultz is 5'9" and has weighed at least 335 pounds since her claimed disability began, well over the limit required for a person of her height. The dispute centers on whether Schultz has arthritis in her knee.
 
 
 5
 The Social Security Administration determined that Schultz was not disabled and both the administrative law judge and the district court affirmed. The magistrate, whose report was adopted by the district court, found no x-ray evidence of arthritis. Although x-rays revealed two small bone spurs on Schultz's left knee, the magistrate concluded that "spurs are small growths and are not evidence of joint inflammation or degenerative disease of the bone, either of which would be indicative of arthritis."
 
 
 6
 Schultz objected to this finding by the magistrate to the district court, arguing that bone spurs could be evidence of arthritis. Schultz based her objection on two medical reference books: Signs and Symptoms (C. MacBryde and R. Blacklow 5th ed. 1985) and Dorland's Illustrated Medical Dictionary (W.B. Saunders Co. 25th ed. 1985). Signs and Symptoms reports that the knee is frequently painful because of osteoarthritic changes, including but not limited to osteoarthritic projections. Signs and Symptoms, id., at 226-227. An osteophyte is defined in Dorland's Medical Dictionary as "a bony excrescence or osseous outgrowth." Dorland's Medical Dictionary, at 1107.
 
 
 7
 The district court refused to consider these reference books and upheld the magistrate's conclusion. The district court held that the information from the reference books constituted newly introduced evidence and that the district court was limited to the record relied on by the social security administration. On appeal, Schultz argues that the district court erred as a matter of law in refusing to consider the information from the medical texts. Schultz contends that she used these texts merely to define medical terminology and that, as such, the texts did not need to be part of the factual record.
 
 
 8
 Parties may and often do cite definitions from medical dictionaries and other medical texts in social security proceedings. But these citations are appropriate only to explain the often arcane meaning of the real evidence, the medical testimony and documentation. They cannot replace evidence relied upon by the social security administration. What Schultz has offered here are not mere definitions to explain the evidence. Schultz uses the information in these medical texts to argue that the bone spurs in the x-rays are evidence of arthritis. If the texts showed that bone spurs were synonymous with arthritis, then perhaps they would be merely definitional and appropriate for the district court to use. But even Schultz's argument does not lead to such a conclusion. It is neither our role nor the role of the district court to play doctor by using medical reference texts to decide when a bone spur is evidence of arthritis. We can only weigh the credibility of medical testimony and evidence proffered by others. The district court properly refused to consider the medical texts.
 
 
 9
 Although the social security administration argues in its brief that substantial evidence supports the decision of the district court, we need not address that question. Schultz carefully has limited her appeal to the question of law regarding the use of the medical texts before the district court. For the above stated reasons, the judgment of the district court is affirmed.
 
 89-1462--Leona Schultz v. Secretary, HHS
 
 10
 Edwards, concurring in the result. This is a pitiful case. The plaintiff-appellant is only 27 years old. She is 5'9" and weighs between 355 and 366 pounds.
 
 
 11
 At the time this case was heard, plaintiff was not under any kind of medical treatment for arthritis or any discomfort of the knees. It seems possible that she will be disabled if she cannot control her appetite and her weight. At present, however, she does not have a history of pain or limitation of motion in her knees associated with x-ray evidence of arthritis. Under the present record, I agree that our only appropriate disposition is to affirm the Secretary's denial of benefits.